

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH:NJM
F. #2019R00206

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 24, 2024

By ECF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Robert Smith
                  Criminal Docket No. 21-254 (RPK)

Dear Judge Kovner:

        The government respectfully submits this letter in response to the defendant Robert Smith's motion for a modification of his sentence based on Amendment 821 to the United States Sentencing Guidelines (the "Motion"). See ECF No. 93. Amendment 821, among other things, provides for a two-point reduction from the offense level for certain individuals with zero criminal history points. See U.S.S.G. § 4C1.1 (listing qualification requirements for a two-point reduction for zero-point offenders). The Court should deny the Motion because the defendant does not qualify for a two-point reduction, because he possessed a firearm in connection with the offense. See U.S.S.G. § 4C1.1(a)(7) (listing as a requirement for application of the reduction that "the defendant did not possess . . . a firearm or other dangerous weapon . . . in connection with the offense").

        I.    Relevant Procedural Background

        The defendant, a former New York City Police Department ("NYPD"), pled guilty on October 6, 2021, to (a) the use of facilities of interstate commerce to promote the crime of Bribe Receiving in the Third Degree and (b) attempted possession with intent to distribute heroin. Presentence Investigation Report ("PSR") ¶ 1.

        II.    The Defendant Does Not Qualify as a Zero-Point Offender

        U.S.S.G. § 4C1.1 sets forth several criteria that must be met before a defendant can qualify for a two-point reduction. See U.S.S.G. § 4C1.1. One of the requirements is that the defendant did not possess a firearm in connection with the offense. See U.S.S.G. § 4C1.1(a)(7). That is not the case here. The defendant was in fact charged with possessing a firearm during a drug trafficking crime. See Indictment, ECF No. 1, ¶¶ 40-41. In his plea agreement, the defendant stipulated to a Guidelines calculation that included an enhancement for possession of a

dangerous weapon during the drug trafficking crime to which he pled guilty. Ct. Ex. 1 ¶ 2. And the PSR notes that Smith showed a firearm to an undercover officer while Smith transported what he believed to be drugs at the officer's request. PSR ¶ 18.

### III.  Conclusion

For the reasons articulated above, the government respectfully requests that the Court deny the defendant's Motion.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  /s/
Ryan C. Harris
Nicholas J. Moscow
Assistant U.S. Attorneys
(718) 254-7000

cc:  Robert Smith (by U.S. mail)
Clerk of Court (RPK) (by ECF)